STATE OF MISSOURI, ex rel, Appellant, v. ANNIE CHAMBERS, Respondent.

Kansas City Court of Appeals, February 7, 1916.

1. **BAWDYHOUSE:** Court of Equity: Jurisdiction. A court of equity has no jurisdiction to abate a bawdyhouse as being a nuisance; the criminal law, with trial by jury, is the proper tribunal for the correction of that evil.

2. ————: Decree in Injunction: Consent: Contempt: Jurisdiction. The fact that a woman appears to a bill to obtain an injunction against her for keeping a bawdyhouse and consents to a decree, will not prevent her raising the question of jurisdiction when she is cited for contempt in disobeying the decree.

Appeal from Jackson Circuit Court.—*Hon. W. O. Thomas,* Judge.

AFFIRMED.

*W. B. Brown* for appellant.

*Casey & Wright* for respondent.

ELLISON, P. J.—The prosecuting attorney of Jackson county, in which Kansas City is situated, filed a bill in equity in the circuit court of that county

against defendant in which he, in appropriate terms, charged her with keeping a bawdyhouse which he alleged was a public nuisance, working great harm and danger to the morals, the health and the peace of the city. He prayed for an injunction suppressing and abating such nuisance. The defendant appeared in court on the 14th of October, 1914, and took this action, viz.:

"Comes now the defendant and enters her appearance herein and consents that a permanent injunction shall be issued against her as of this date, as prayed for in the petition herein."

Whereupon the court entered a proper judgment for the suppression and abatement of the bawdyhouse as being a public nuisance.

Afterwards an information was filed alleging that defendant had violated the injunction order and asking that she be cited for contempt. This was done and defendant filed a demurrer to the information on the ground that the court had no jurisdiction over the subject-matter of the proceedings. The demurrer was sustained and the informant appealed.

It was decided in Ex Parte Laymaster, 260 Mo. 613, that while a court of equity could enjoin a public nuisance although it was also a crime, yet that the keeping of a bawdyhouse was not a public nuisance, but rather, an ordinary crime for the punishment of which the criminal law should be applied. That such law furnished ample remedy and a trial by jury secured; and that a court of equity having no jurisdiction in the premises, was without authority to punish for contempt of its process in attempting to abate a nuisance. The opinion in that case by Judge Woodson, is concurred in by a majority of the court.

There is this further particular in this case, out of which a question has been made. That is, as shown

192 App. 32

above, the defendant appeared to the original bill, confessed its charges and consented to the decree. But we think that cannot influence our conclusion. Her consent could not give the court jurisdiction of a matter over which the law has not conferred jurisdiction.

We must affirm the judgment. All concur.