LING, A MINOR, by NEXT FRIEND *v.* BRYANT, et al.

No. 39360 November 15, 1954 75 So. 2d 645

*Joseph E. Wroten,* Greenville, for appellant.

*Wynn, Hafter, Lake & Tindall,* Greenville, for appellees.

HALL, J.

The appellant, a minor, brought suit by his next friend in the County Court of Washington County for the recovery of damages for personal injuries, consisting principally of a fracture of one of the bones in his ankle, while employed at a place of business owned by F. C. Bryant, Sr. and managed by F. C. Bryant, Jr. He recovered a judgment for $650 in the county court and on appeal therefrom the circuit court held that the defendants were entitled to a peremptory instruction in the county court and accordingly reversed the judgment of the county court and entered a judgment in favor of the defendants, from which action the employee appeals.

The appellant at the time of the injury was about 16½ years of age and attended school but worked three or four days a week after school hours and also worked on Saturdays. F. C. Bryant, Sr. owns a plantation and devotes most of his time to its management. He also owns a place of business which is divided into two sections and is in charge of F. C. Bryant, Jr. The front section is a retail business for the sale of ice cream, sandwiches, etc. to drive-in customers. Mrs. F. C. Bryant, Jr. worked inside the front part of the building and the

customers were served by ''car hops.'' In the rear section of the building is a wholesale ice cream business, and it is not clear from the record whether the ice cream is manufactured on the premises. The minor plaintiff was employed to work in connection with this wholesale business. On the occasion in question he had taken a Chevrolet pick-up truck from the premises, near the lunch hour, and was en route to his home to change his clothes and to get lunch, his trousers having been torn in the course of his work. He had no driver's license and had not had much experience in the operation of motor vehicles and in the changing of tires. While en route to his home one of the front tires went flat and he undertook to change the tire. There were two jacks in the pick-up truck and he testified that neither of the jacks was in working condition. Mr. F. C. Bryant, Jr. testified that one of the jacks would work while the other would not. At any rate, the plaintiff went to a nearby garage and borrowed a hydraulic jack and proceeded to jack up the front end of the truck and to remove the flat tire therefrom. When he started to put the good tire on the wheel he discovered that it was necessary to jack the truck a little higher and while he was engaged in doing this the truck slipped from the jack and fell to the ground and the bumper caught his leg, and as a result one of the bones in his ankle was fractured. His suit is predicated on the allegation that he was inexperienced in the use of jacks and in the changing of tires and also in driving. It was admitted that on a few occasions at least he had driven this truck in the course of his employment with the knowledge and consent of the defendants. The defendants contended that on most of these occasions F. C. Bryant, Jr. was riding in the cab with him. There was a direct conflict in the evidence as to whether or not on the occasion in question the employee was using the truck with the consent of F. C. Bryant, Jr., and there was also a sharp conflict in the evidence in other material matters. In short, the plain-

tiff's evidence was sufficient to make a question of fact for the jury, and the defendants' evidence was sufficient to justify a verdict in its favor on the question as to whether or not the inexperience and lack of knowledge on the part of the plaintiff was such that he should have been given instructions as to the operation of the truck and as to the changing of a flat tire. We are of the opinion that the county judge was correct in submitting the issue to the jury and that the circuit judge was in error in reversing the judgment of the county court and entering final judgment for the defendants. This case is similar in many respects to that of J. W. Sanders Cotton Mill, Inc. v. Bryan, 181 Miss. 573, 179 So. 741, wherein this Court said:

"The appellant contends that it should have been granted a peremptory instruction, and that on the testimony in this record refusal to do so was error. When the plaintiff's testimony was closed, the defendant made a motion to strike the evidence and direct a verdict for the defendant, which motion was overruled. Thereupon the defendant closed its proof in regard to the safety of the machine, contradicting plaintiff's evidence as to instructions given him in connection with the operation thereof.

"After consideration of the evidence in this case, we think there was sufficient conflict therein as to the safety of the machine to make it a question for the jury, as well as to whether or not the plaintiff had been properly instructed in the use of the machine; and therefore the action of the court in refusing the peremptory instruction was not error.

\* \* \*

"The plaintiff, being a minor, 17½ years of age, should have been instructed by the defendant as to the construction of the machine, manner of operation, and the dangers attendant on its operation. In 39 C. J. 514, it is said: 'Where the master knows, or ought to

know, the dangers of the employment, and knows, or ought to know, that the servant, by reason of his immature years or inexperience, is ignorant of, or unable to appreciate, such dangers, it is his duty to give him such instruction and warning of the dangerous character of the employment as may reasonably enable him to understand its perils.' "

This case is also similar in principle to White v. Ennis Coffee Company, Mo. App., 182 S. W. 775. In that case the Court said: "The rule applied by the courts is this: The master is liable for failure to instruct the minor, unless both the danger and the means of avoiding it was apparent and within the comprehension of the servant. Bulson v. Int. Shoe Co., 191 Mo. App. 128, 177 S. W. 1084; Timmerman v. Frankel Co., 172 Mo. App. 174, 157 S. W. 1051. In 3 Labatt on Master and Servant, Sec. 1154, it is said that: 'The considerations which actually determine the nature and extent of the obligation to instruct a minor are sufficiently obvious. When a master takes such a person into his service, he is bound to take notice of the probability that both the natural and the acquired capacity of the employe for appreciating the dangers of the work and the proper means of avoiding them will be smaller than in the case of an adult.' "

We repeat that in our opinion this case presents an issue of fact for determination by a jury, and the jury having found a very modest amount in favor of the plaintiff, the judgment of the circuit court will be reversed and the judgment of the county court will be reinstated. This is the course which was taken in Edmon v. Kochtitzky, 211 Miss. 301, 51 So. 2d 482.

Reversed and remanded.

*McGehee, C. J.,* and *Lee, Holmes* and *Ethridge, JJ.,* concur.